IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

RICHARD WILLIAMS,
PLAINTIFF,

V. CIVIL ACTION NO.

JO ANNE B. BARNHART, COMMISSIONER OF
SOCIAL SECURITY ADMINISTRATION
AND SOCIAL SECURITY ADMINISTRATION,
DEFENDANT.

PLAINTIFF'S, RICHARD WILLIAMS, ORIGINAL COMPLAINT

This lawsuit is brought by Richard Williams, hereinafter and sometimes referred to as Plaintiff, against JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY and SOCIAL SECURITY ADMINISTRATION, hereinafter and sometimes referred to as Defendant. For good cause, Plaintiff would show unto the Court as follows, to-wit:

Jurisdiction and Venue

1. Jurisdiction and venue lie under the Age Discrimination in Employment Act, 29 United States Code section 621, et seq. and 42 U.S.C. section 2000(e), Title VII (sex discrimination).

2. Jurisdiction also vests under 28 United States Code section 1331 (federal question), 28 United States Code

section 1343 (civil rights) and under 28 United States Code section 1346 (United States as defendant).

Parties

3. Richard Williams is an employee of the Social Security Administration and is over the age of forty (40) and is covered by the Age Discrimination in Employment Act (ADEA).

4. The Social Security Administration is a governmental entity and Plaintiff’s employer. JO ANNE B. BARNHART, is the Commissioner of Social Security.

Facts

5. Plaintiff began his employment with Defendant in 1975. Plaintiff currently occupies the position of Claims Representative and has served in that position since 1984.

6. Plaintiff is over 40 years of age, of male gender and complains that age and sex were factors in his non-selection to a Technical Expert position. The person selected was Cristen Roberts, a person less qualified and not within the protected class.

7. Plaintiff’s non-selection is discriminatory in the following respects, to-wit:

A. Plaintiff possessed the years of experience to occupy the position;

B. Plaintiff has served in a supervisory role in the

past;

C. Before the position was created, Plaintiff served de facto as a Technical Expert for a period of time;

D. The person selected is less qualified, with less experience and selection was pretextual. The selector for the agency, Pat Lewis, initially sought to pre-select her selection. When Pat Lewis determined that she could not pre-select and had to post the position, she in turn followed suit and selected the same person. The agency's selectors have in the past failed to select older persons and male workers for available positions.

PRAYER FOR RELIEF

8. Plaintiff prays for:

A. Appointment to the position;

B. Back wages and/or front pay damages if appointment to the position is not possible or feasible. Plaintiff also contends that the actions of Defendant's agent were intentional and a total disregard for federal law.

C. Reasonable and necessary attorney's fees;

D. Costs of court.

E. For all general and equitable relief that Plaintiff may be deemed entitled.

DATE: November 21, 2005.

Respectfully submitted,

/S/ ANTHONY P. GRIFFIN

ANTHONY P. GRIFFIN
ATTORNEY-IN-CHARGE

A GRIFFIN LAWYERS
1115 MOODY
GALVESTON, TEXAS 77550
409.763.0386
1.800.750.5034
FACSIMILE NO. 409.763.4102

STATE BAR NO. 08455300
(TEXAS)
FEDERAL I.D. NO. 4736

ATTORNEYS FOR PLAINTIFF
RICHARD WILLIAMS

**A JURY IS DEMANDED**